SUFFERN and GALLOWAY *vs.* BUTLER and BUTLER.

1. It is material to the execution of an instrument by an illiterate person, that it be correctly read to him.

2. Where the facts upon which the equity of the bill depends, are positively denied by the answer, the injunction will generally be dissolved.

The complainants have filed their bill for an injunction to restrain the defendants from preventing or hindering their entering upon certain lands described in their bill of complaint, for the purpose of pumping water out of a mine thereon, and ascertaining the extent and value of said mine, and of searching for minerals, &c.; claiming the right thereto, under and by virtue of a certain lease set out in their said bill.

The complainants first set out a lease from the defendants to Wanamaker and Hussey, of the said lands, for the purpose of mining, &c., for a period of forty years, the defendants to receive ten per cent. of the net profits; but if no mineral or fossil be mined or quarried for forty years from the date of the lease, then the same to be void. They then set out an agreement made shortly after said lease, but of the same date, giving to Wanamaker and Hussey the right to purchase the fee simple of said lands, at the expiration of two years, for the sum of $10,000, in lieu of the ten per cent. agreed upon in said lease; the said defendants agreeing to give them a good deed therefor. They allege that the said Wanamaker and Hussey, after the lapse of the said two years, elected to pay the said royalty of ten per cent. of the net profits, and not to take a deed for the lands, and that the said defendants assented to such election, and permitted the said Wanamaker and Hussey to sell to the complainants their said lease and mining interests, without disputing their right thereto. And they insist that by their acquiescence in such sale, the defendants are estopped from denying the validity of said lease in the complainants' hands. They further allege that the said

Wanamaker and Hussey sunk shafts, and opened an iron mine on said land, with the approbation of said defendants. That after the sale to the complainants of said lease and the rights under the same, the said mine became filled with water, and they entered into an agreement with a practical miner and geologist to have the water pumped out of said mine, and the extent and value of the same ascertained and developed. That upon the attempt by the said miner and his assistants to carry out the agreement so entered into with him as aforesaid, by the said complainants, the said defendants refused to allow them to go on the land for the purposes aforesaid, and threatened to prosecute them as trespassers, denying to the complainants the right to enter upon said lands, or any part of them, for the purposes aforesaid.

The defendants admit the execution by them of a lease to Wanamaker and Hussey, but deny that it was of such purport and effect as set out in the complainant's bill. They say that they can neither read nor write, and relying upon the long and oft-asserted friendship of Wanamaker, they admit that they did sign a lease drawn by Wanamaker, which said Wanamaker read, but as read by him, they charge that the lease was this : that the said Wanamaker and Hussey were to pay them ten per cent. of the net profits of said mines, and if they were not satisfied with that, then, at the end of two years, Wanamaker and Hussey should pay them $10,000, and take a deed for the property, or else should deliver up the lease to them ; that in reading said paper the said Wanamaker did not mention the period of forty years, but if there was any such clause in the lease, he purposely omitted to read it, and if it had been read, they never would have signed the same. They deny that Wanamaker and Hussey were, by said lease or agreement, to have the option to pay the said sum of $10,000 and take a fee simple deed for said lands, or not, as they should elect. And they allege that at the end of the said two years, they demanded the said $10,000, but that the said Wanamaker and Hussey refused to pay the same, and take a conveyance of said property. They deny that

Wanamaker and Hussey, or either of them, informed them, or either of them, that they did not elect to pay the said $10,000, and take the said conveyance; or that they assented to any such election. They admit that they refused to allow the agents of the complainants to go upon said lands, and deny the complainants' right to go thereon, for that the said lease to the complainants is null and void, by reason of Wanamaker and Hussey having refused to pay the said sum of $10,000, and take a conveyance of the said lands, in consequence whereof, neither they, nor their assignees, have any right upon said lands.

Such other allegations of the bill as were material to the complainants' case, were denied by the defendants, and their denial supported by the affidavits annexed to the answer. The defendants now move to dissolve.

*Mr. Van Blarcom* and *Mr. A. S. Pennington,* in support of the motion.

*Mr. Wortendyke* and *Mr. Ransom,* contra.

THE CHANCELLOR.

The right to dig and explore upon the lands of defendants for ore, sought to be protected by the injunction in this case, depends upon a lease alleged to have been executed by the defendant, William Butler. The execution and contents of that lease are alleged in the bill. The answer of Butler, which in this respect is responsive, denies that he executed such a lease. He cannot read, and in his case the reading of the lease correctly, is as material to the execution of it as making his mark. He denies, in his answer, that the lease as read to him, extended beyond two years.

The positive denial by the answer, of the facts on which the equity of the bill depends, is in general sufficient to dissolve the injunction. In this case there is no reason to make it an exception.

The injunction must be dissolved.